ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
LARA HADDAD
Deputy Attorney General
State Bar No. 319630
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6250
  Fax: (916) 731-2124
  E-mail: Lara.Haddad@doj.ca.gov
*Attorneys for Governor's Office*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO CEDAR JONES,<br><br>                      Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>                     Defendants. | 3:22-cv-03996-CRB<br><br>**OPPOSITION OF GOVERNOR GAVIN NEWSOM TO TEMPORARY RESTRAINING ORDER APPLICATION**<br><br>Judge: The Hon. Charles R. Breyer<br>Action Filed: July 7, 2022 |

**INTRODUCTION**

California law provides the California Department of Transportation ("Caltrans") complete authority over the State's highways and property acquired for those highways. On July 7, 2022, an individual living in one such encampment on Wood Street, located in Oakland ("Wood Street encampment") filed this complaint against multiple state, city, and county officials and entities, and applied for a temporary restraining order to halt an anticipated closure. The crux of this case is the same as in another complaint and temporary restraining order application filed on July 18, 2022, by additional individuals living in the Wood Street encampment, against Caltrans and other defendants, including the Governor. *See Blaine v. Newsom*, 3:22-cv-04178-WHO (N.D. Cal 2022) (filed July 18, 2022). In that case, the Court immediately issued a temporary restraining order prohibiting defendants from closing the site until a hearing set for this Friday, July 22, 2022, at which the defendants will have an opportunity to respond to the plaintiffs' application. *See* Temporary Restraining Order, *Blaine v. Newsom*, 3:22-cv-04178-WHO (ECF No. 20) (issued July 19, 2022).

Regarding the instant case, the Governor has not yet been served in this matter, and so the Court lacks personal jurisdiction. However, the Governor specially appears here to oppose the temporary restraining order application. Claims brought by Plaintiff against the Governor are barred by the State's sovereign immunity because, under state law, the Governor plays an insufficiently direct role in the challenged act here—that is, the closure of the Wood Street encampment—to support application of the *Ex parte Young* exception to Eleventh Amendment immunity. Because no exception to Eleventh Amendment sovereign immunity applies, a temporary restraining order should not be issued against the Governor.

**BACKGROUND**

Caltrans operates and maintains the State's highways. Per California Streets and Highways Code[1] § 90, "[Caltrans] shall have full possession and control of all state highways and all property and rights in property acquired for state highway purposes." The Code also provides

---

[1] Unless otherwise noted, all statutory citations are to the California Streets and Highways Code.

that "[t]he degree and type of maintenance for each highway, or portion thereof, shall be determined in the discretion of the authorities charged with the maintenance thereof…." § 27. Accordingly, "Caltrans, under its authority to 'do any act necessary, convenient or proper for the . . . maintenance or use of all highways . . ., clears its properties of homeless encampments according to its assessment of the risks posed by each encampment." *Where Do We Go Berkeley v. California Department of Transportation*, 32 F.4th 852, 855 (9th Cir. 2022) (citing § 92). With respect to the Wood Street encampment closure, Caltrans announced the order regarding the closure and posted notices regarding the closure at the encampment itself.[2]  *See* Plaintiffs' Temporary Restraining Order Application ("Plaintiffs' App."), *Blain v. Newsom*, 3:22-cv-04178-WHO (ECF No. 2), Ex. N (announcing closure of the Wood Street encampment); Ex. O (same).

## ARGUMENT

### I. THE GOVERNOR HAS NOT YET BEEN SERVED IN THIS MATTER, AND SO THE COURT LACKS PERSONAL JURISDICTION OVER THE GOVERNOR

As a threshold matter, the Governor has not been served with Plaintiff's complaint or temporary restraining order application in this matter. *See* Declaration of David Sapp, ¶¶ 3-4. In order to have personal jurisdiction over a defendant, that defendant must be served with the complaint. Fed. R. Civ. P. 4(c). Because the Court lacks personal jurisdiction over the Governor, it should refrain from issuing a restraining order until service is perfected. While a court may issue a temporary restraining order before service has been effected, Fed. R. Civ. P. 65(b)(1), the Court should not do so here, where the Complaint was filed more than two weeks ago and there is no indication that service was attempted, and other jurisdictional issues, discussed below, preclude issuance of a restraining order.

### II. PLAINTIFF'S CLAIMS AS TO THE GOVERNOR ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment affords a State sovereign immunity against suit, and also "bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citation omitted). There is one

---

[2] Because Plaintiff filed his complaint in advance of Caltrans' announcement of the closure of the Wood Street encampment, the Governor cites to documents included by the plaintiffs in *Blain v. Newsom*, which include the announcement of the site closure.

"important exception to this general rule." *Id.* at 102. Under *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not bar a suit against a state official where the suit seeks solely prospective relief and contends that the state official's actions in his or her official capacity violate federal law. *Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) (citation omitted). But for this exception to apply, the state officer must have "some connection with enforcement of the act." *Coal. To Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting *Ex parte Young*, 209 U.S. at 157). "[T]hat connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (quoting *L.A. County. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also, e.g., National Audubon Soc'y Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002).

Here, the Governor lacks the requisite connection to the act being challenged—the clearing of the Wood Street encampment. Per Caltrans own announcement, Caltrans is the agency in charge of administering the clearing. *See* Plaintiffs' App., *Blain v. Newsom*, 3:22-cv-04178-WHO (ECF No. 2), Ex. N ("Caltrans will close the entire Wood Street encampment by the first week of August . . . The department is taking this action to address the increasingly serious safety risks to life, property and infrastructure at the encampment . . . .").[3] *Id.* Moreover, notices posted at the Wood Street encampment expressly reference the statutes that grant Caltrans control over the State's highways. *See* Plaintiffs' App., *Blain v. Newsom*, 3:22-cv-04178-WHO (ECF No. 2), Ex. O (citing §§ 27, 90). This underscores that the clearance is being undertaken by the state department with express and exclusive authority delegated by the state legislature over state highways and rights of ways. Under controlling precedent, the Governor's supervisory authority over Caltrans as the chief executive of the State is insufficient to overcome Eleventh Amendment immunity. *See L.A. County Bar Ass'n*, 979 F.2d at 704 ("[A] *generalized* duty to enforce state

---

[3] While the *Blain* Court noted that "the defendants' announcement states that the defendants are coordinating on the closure of the [Wood Street] encampment," TRO at 2, the announcement did not state that the Governor or the Governor's office had a direct role in the clearance. *See* Plaintiffs' App., Ex. N. The announcement only references the recent State budget which continues to build on the Governor's broader priority, endorsed and enacted into law by the state legislature through the state budget process, to increase resources for unhoused individuals and to address supporting local government efforts. *Id.*

law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." (citations omitted, italics added)).

That the Governor has visited the Wood Street encampment or has promoted a statewide plan that addresses unhoused communities and highway encampments, see, e.g., Plaintiffs' App., *Blain v. Newsom*, 3:22-cv-04178-WHO (ECF No. 2), Ex. M, does not create the necessary nexus to enforcement of the specific challenged act—the closure of the Wood Street encampment. *See, e.g.*, *National Audubon Soc'y*, 307 F.3d at 847 (suit against Governor and state Secretary of Resources was barred because there was "no showing that they have the requisite enforcement connection" to the challenged act). Such actions point only to the Governor's general policy authority, not specific control over the clearance of the Wood Street encampment.

Accordingly, other recent cases that have challenged Caltrans' orders to close encampments (correctly) do not name the Governor, who has no direct connection to the challenged orders. *See, e.g.*, *Where Do We Go Berkeley*, 32 F.4th at 855 (noting that Caltrans has the authority to clear highways and related properties of encampments); *see also Blumberg v. Chambers*, No. 3:22-cv-01834-MMC (N.D. Cal. 2022) (filed March 23, 2022).

For these reasons, Plaintiffs' claims are barred against Governor Newsom, and a temporary restraining order should not be issued against him.

## CONCLUSION

For the foregoing reasons, a temporary restraining order should not issue against the Governor, and Plaintiffs' application with respect to the Governor should be denied.

Dated: July 21, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*s/ Lara Haddad*
LARA HADDAD
Deputy Attorney General
*Attorneys for Governor's Office*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Cedar Jones, Theo v. Gavin Newsom, et al.** | No. | **C22-03996** |

I hereby certify that on <u>July 21, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION OF GOVERNOR GAVIN NEWSOM TO TEMPORARY RESTRAINING ORDER APPLICATION**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 21, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Theo Cedar Jones
880 McElroy Street
Oakland, CA  94607

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 21, 2022</u>, at Los Angeles, California.

| | |
|---|---|
| Beth L. Gratz | *Beth L. Gratz* |
| Declarant | Signature |

SA2022303158
65289836.docx